Price, J.;
Norris and Day, JJ., concur.
The relator, who is the prosecuting attorney of Hamilton county, brings this action in quo warranto, to have the court determine by what right and title, if any, the respondent, Charles A. Tooker, holds and administers the office of inspector of buildings in the city of Cincinati. The petition states that he has intruded himself into said office, and uses and holds the same, and performs a number of *648 acts, set out in detail, under the provisions of an act of the general assembly of the state of Ohio, passed February 28, 1888, entitled, “An act to regulate the construction of buildings within any city of the first class and first grade, and to provide for the appointment of an inspector of buildings, and to repeal an act passed March 21st, 1887.’’
It is claimed for the relator that the statute referred to, providing for the appointment of an inspector of buildings in Cincinnati, is invalid, because in conflict with section 26 of article II. of the constitution of Ohio. The respondent answers that it is by virtue of the provisions of said act that he holds and exercises all the duties of the office, and thal he is performing all the duties enumerated in the act, except enforcing that part of the act which requires certain fire escapes on all buildings of a certain height.
The authority for making the appointment of a building inspector is found in the revision of the statutes- of Bates, in section 2575, subdivision ■ 53, and which reads:
“The mayor of the city shall appoint in every city of the first class of the first grade one person, who shall be an architect or a builder, as inspector of buildings of said city of the first class, who shall hold such office for the term of two years from and sfter the date of his appointment, and until his successor is duly appointed and qualified,” etc.
The section further provides for the appointment of a number of assistants, at certain fixed salaries, to supervise certain classes of work — elevators, plumbing, etc. — in the construction of buildings in the city.
Is the law authorizing the appointment valid, or is it in contravention of section 26, article II., of our state constitution? This constitutional provision is as follows: “All laws of a general nature shall have a uniform operation throughout the state. ”
In the case of the city of Cincinnati v. Steinkamp, 54 Ohio St., page 284, our supreme court has passed on sections 32 and 61 of the above act, and .held them to be invalid, We have carefully read all the provisions of said act, and following the line of reason adopted by our supreme court, we are of opinion that the grounds for holding sections 32 and 61 invalid are equally good against the section authorizing the appointment of an inspector of buildings by a mayor of a city of the first class of the first grade. *649 No city but Cincinnati was intended to be regarded by said act, and its provisions related to a subject of a general nature as to all cities of whatever size within the state.
By section 1692, Revised Statutes, and especially by the amendments, the legislature had clothed all municipalities of the state with ample powers to protect the life, health and comfort of a citizen and the safety of his property, and it would seem that the necessity did not exist for the passage of such legislation, and we believe that the trend of the decisions of our supreme court is against this species of special legislation.
The answer of the respondent, pleading the statute in question as his sole authority to hold said office, does not make a defense to the petition, and we therefore sustain the demurrer to the answer, and enter a judgment of ouster from said office at the costs of the defendant.